Rodney E. Wolf and Lillian N. Wolf v. Commissioner.
Wolf v. Commissioner
Docket No. 67413.
United States Tax Court
T.C. Memo 1958-129; 1958 Tax Ct. Memo LEXIS 104; 17 T.C.M. (CCH) 682; T.C.M. (RIA) 58129; June 30, 1958
*104 Petitioners were employed by the State of Maryland as Cottage Parents at a Maryland training school for boys. They were required to live at the school for their employer's convenience and to pay, at cost, for their lodging and meals, which charges were deducted from their basic salary. Held: Petitioners are not entitled to exclude from their gross income under section 119, I.R.C. 1954, the cost of their meals and lodging. J. Melvin Boykin, 29 T.C. 813 followed. Herbert H. Hubbard, Esq., 316 Equitable Building, Baltimore, Md., for the petitioners. Douglas W. Argue, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the taxable year 1955 in the amount of $184.98. The facts are *105 found as stipulated. [Findings of Fact] The petitioners contend that the Commissioner erred in failing to exclude from their gross income under section 119, 1954 Code, the sum of $1,000.28 which is the total amount of rent for their lodgings and of meals which they were charged by the State of Maryland. The petitioners filed a joint Federal income tax return with the district director of internal revenue for the district of Maryland. During most of the year 1955, both of the petitioners were employed by the State of Maryland at a Maryland Training School for Boys located at Loch Raven, Maryland. Rodney Wolf held the position of Cottage Master I, and Lillian Wolf held the position of Cottage Matron. They were employed as Cottage Parents. A Cottage Master I is responsible for the supervision, training, and custody of boys in all aspects of cottage life in a Maryland State Training School, and a Cottage Matron is responsible for aspects of training, care, and custody of children in relation to cottage life. They must be married and they are employed as a couple to serve as Cottage Parents. Both are required by their employer to live at and take their meals on the school premises. *106 Petitioners were employed by the State of Maryland in the above-described capacities beginning on February 26, 1955, and they were so employed for the rest of the year. They occupied lodgings located on the school premises, which are owned by the State of Maryland, and their meals were provided by the school, so that their lodgings and meals were furnished by their employer, the State of Maryland. This was required. They did not maintain any other residence during this period. In official notices issued by the Commissioner of Personnel of the State of Maryland describing the positions of Cottage Master I and Cottage Matron the following is stated: "Any maintenance taken at the institution will be charged to the employee at cost." The stated annual salary of Rodney, before payroll deductions, was $2,942; and the stated annual salary of Lillian, before payroll deductions, was $2,690. Both were paid at the above rates during 1955. Rodney worked overtime during 1955 for which he received overtime pay. His salary plus overtime for the period February 26 through December 31, 1955 amounted to $3,213.71, before payroll deductions, and that amount was reported to the State of Maryland *107 on the Withholding Tax Statement (Form W-2). Lillian's salary for the same period was $2,234.04, before payroll deductions, and that amount was reported on Form W-2. Their combined salaries totaled $5,447.75. Petitioners' individual salaries were paid bi-weekly. The State of Maryland withheld from and deducted from each bi-weekly salary check of Rodney and Lillian charges at cost for their lodgings and meals (maintenance) at the school premises. These deductions for both during 1955 totaled $1,000.28. In preparing their joint Federal income tax return for 1955, petitioners subtracted, or deducted, from their gross income $1,000.28, which they allocated, $408.48 for lodgings and $591.80 for meals. The Commissioner disallowed the deduction. He gave the following explanation for his determination: "The deduction claimed in your return from gross income in the amount of $1,000.28 for meals and lodgings which your employer deducted from your salaries is not an allowable deduction, but a personal expense. This amount of salary is not excludible under the provisions of section 119 of the Internal Revenue Code of 1954, * * *." [Opinion] The provisions of *108 section 119, 1954 Code, are set forth in the margin. [1]Section 1.119-1 of the Income Tax Regulations was promulgated as authorized under the 1954 Code, and in subsection (c)(2) thereof it is provided that, "If the employee * * * is required to reimburse the employer for meals or lodging furnished in kind, the value of such meals and lodging is not excluded from gross income." There is no *109 dispute about the facts. The petitioners admit that they were required to reimburse their employer for the cost of their meals and lodging and that this was done by the employer's deductions of such cost from their official, basic salaries. The only question is whether the regulation which the Commissioner has promulgated represents a proper and correct interpretation of the provisions of section 119. In J. Melvin Boykin, 29 T.C. 813, the taxpayer was required to live in quarters assigned to him on the premises of the employer for the employer's convenience; he was charged by his employer amounts representing rent for his quarters; and such charges were withheld by the employer from the taxpayer's official basic salary. Upon consideration of the legislative history of section 119, we concluded that the regulation is reasonable "under the words of section 119 and in the light of its legislative history and background * * *." Since the employee's lodging was not furnished by his employer "free of charge", and since the employee was required to reimburse his employer out of his basic salary, it was held that the amounts paid for lodging could not be excluded from income or *110 deducted from the basic salary which the taxpayer was required to report for income tax purposes. There is no real difference in the facts here from those in the Boykin case. Petitioners simply argue that the Boykin case should not be followed. However, they have failed to point out error in the reasoning of that case, and in the absence of different facts the same conclusion must be reached here. It is held, therefore, that petitioners are not entitled, under section 119, to deduct from their combined basic salaries which they are required to report for income tax purposes, the cost of their meals and lodging for which they were required to reimburse their employer, or to exclude such cost from income. The respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished by him by his employer for the convenience of the employer, but only if - (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.↩